# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Delores L. Knight,** | ) CASE NO. 1:20 CV 682 |
| **Plaintiff,** | ) JUDGE PAMELA A. BARKER |
| v. | ) |
| | ) Memorandum of Opinion and Order |
| **Donald C. Nugent,** *et al.***,** | ) |
| **Defendants.** | ) |

## INTRODUCTION

*Pro se* Plaintiff Delores L. Knight filed this action against United States District Court Judge Donald C. Nugent and Assistant United States Attorney ("AUSA") Mark S. Bennett. In the Complaint, Plaintiff challenges her criminal conviction and unsuccessful appeal. She seeks reversal of her conviction, dismissal of all charges, release from prison, and monetary damages.

## BACKGROUND

Plaintiff was indicted in this Court on June 17, 2015 on charges of conspiracy to commit healthcare fraud, healthcare fraud, and money laundering. *See United States v. Knight*, No. 1:15 cr 222-001(N.D. Ohio indictment filed June 17, 2015). United States District Court Judge Donald C. Nugent was assigned to preside over the case. Justin Westerly was appointed to represent her. Plaintiff was found guilty on all charges by a jury on January 20, 2017. She was sentenced to 120 months incarceration, 3 years of supervised

release, and was ordered to pay restitution. Westerly then withdrew as her attorney on June 6, 2017.

Judge Nugent appointed Russell Bensing to represent Plaintiff on appeal on June 9, 2017. Bensing filed a Notice of Appeal for Plaintiff on June 11, 2017. The Sixth Circuit Court of Appeals affirmed her conviction on November 30, 2018.

Over a year later, on February 6, 2020, Plaintiff filed a Motion to Vacate Conviction or Sentence under 28 U.S.C. § 2255. That Motion is still pending.

On March 31, 2020, Plaintiff filed this action to contest her conviction. She claims the charges were filed outside of the applicable statute of limitations. She asserts she was denied a speedy trial. She alleges the trial court denied her the right to fire her lawyer. She also objects that her attorney was allowed to withdraw after her conviction and sentence. She claims she did not get an advanced copy of the presentence report. She claims that her appellate counsel filed a brief of which she did not approve and the Court would not appoint new counsel for her. She indicates she filed Motions in April 2019 which were misconstrued by the trial court and addressed erroneously with other Motions she filed. She alleges she was denied pauper status. She asks this Court to reverse her conviction, dismiss the charges against her, order her release from prison and award her monetary damages.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990);

*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Plaintiff challenges her conviction. To the extent she seeks reversal of her conviction, dismissal of the charges and release from prison, her sole remedy is habeas corpus, or in this case a Motion to Vacate Conviction or Sentence under 28 U.S.C. § 2255. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff has already filed a § 2255 Motion and that action is still pending. She cannot also pursue relief in a civil rights action.

To the extent she is seeking damages, she is also barred from bringing this action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that her conviction was reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable in a civil rights action. Therefore, when a prisoner seeks damages in a civil rights action, the Court must consider whether a judgment in her favor would necessarily imply the invalidity of her conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, the Plaintiff's claims, if found to have merit, would call her conviction into question. She cannot demonstrate that her conviction has been overturned as it was affirmed on appeal by the Sixth Circuit Court of Appeals, and her habeas petition under § 2255 is still pending. Consequently, her claim for damages cannot proceed.

Even if Plaintiff could get past these fatal flaws in her pleading, she has not identified a viable cause of action in which she can raise her allegations. Congress provided 42 U.S.C. § 1983 for violations of constitutional rights committed by state and local officials. It did not extend that cause of action to federal government officials or entities. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017). In *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), decided in 1971, the Supreme Court of the United States recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's

4

prohibition against unreasonable searches and seizures. Since then, the Supreme Court allowed *Bivens* remedies in only two other contexts: (1) in Fifth Amendment gender-discrimination cases, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in certain types of Eighth Amendment Cruel and Unusual Punishments Clause cases, *Carlson v. Green*, 446 U.S. 14 (1980). The Court has not approved of an implied damages remedy under the Constitution itself, nor has it expanded *Bivens* beyond these three original contexts. *Ziglar*, 137 S.Ct. at 1855. It has not recognized a remedy against a federal judge or an AUSA to challenge a conviction or decisions made in presiding over a case or in presenting the government's case to the court.

Finally, even if Plaintiff could get over that hurdle, both named Defendants are immune from suits for damages. Judges are absolutely immune from civil suits that arise from their actions or decisions in presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Prosecutors are absolutely immune from damages for initiating a prosecution and in presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). As all the claims asserted in this case pertain to decisions made during Plaintiff's criminal prosecution, they cannot proceed against either Defendant.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

5

**IT IS SO ORDERED.**

Date: April 2, 2020

S/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE