# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Delores L. Knight,** | ) | **CASE NO. 1:20 CV 682** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Donald C. Nugent,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## INTRODUCTION

Before the Court is the Objection to the Memorandum of Opinion filed by p*ro se* Plaintiff Delores L. Knight. (Doc. No. 6). The Court liberally construes her Objection as a Motion to Alter or Amend Judgment pursuant to Federal Civil Procedure Rule 59(e). For the reasons stated below, the Motion is denied.

Plaintiff filed this action against United States District Court Judge Donald C. Nugent and Assistant United States Attorney ("AUSA") Mark S. Bennett, challenging her criminal conviction and unsuccessful appeal. She sought reversal of her conviction, dismissal of all charges, release from prison, and monetary damages. On April 2, 2020, this Court issued its Memorandum of Opinion and Order dismissing the case on the grounds that: (1) she can only challenge a conviction in a habeas action, not a civil rights action, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); (2) she cannot get damages for a wrongful conviction unless that conviction has been overturned on appeal or through a habeas action, *Heck v. Humphrey*,

1

512 U.S. 477, 486 (1994); (3) *Bivens* does not recognize a cause of action against a federal judge and an Assistant United States Attorney to challenge a conviction, *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017), *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971); and (4) both the Judge and the Assistant United States Attorney are immune from suits for damages, *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff has now filed this Motion in which she continues to challenge her conviction. She asks this Court to reinstate her case and grant the relief she originally requested.

A Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) may be granted only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 Motions "are not intended as a vehicle to relitigate previously considered issues ... and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Here, Plaintiff merely continues to argue the merits of her case. She does not address the Court's legal analysis for dismissing the action. She has not demonstrated any of the criteria for relief under Rule 59(e).

Accordingly, Plaintiff's Objection construed as a Motion to Alter or Amend Judgment (Doc. No. 6) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 2, 2020

*S/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE